**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4305

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT ETHAN HOLDEN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (CR-03-27)

Submitted: February 28, 2005      Decided: April 7, 2005

Before LUTTIG, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

M. Gordon Widenhouse, Jr., RUDOLF WIDENHOUSE & FIALKO, Chapel Hill, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Robert Ethan Holden was convicted by a jury of conspiracy to possess with intent to distribute methamphetamine and marijuana in violation of 21 U.S.C. §§ 841, 846 (2000).

On appeal, Holden raises two issues. We affirm. First, Holden alleges the district court erred in denying his motion for judgment of acquittal because the Government failed to prove the drug quantity necessary to support the offense of conviction. Because there is no evidence in the record that Holden contemporaneously objected to the drug quantity finding before the district court, this court reviews the district court's actions for plain error. See United States v. Olano, 507 U.S. 725, 732-34 (1993). Under plain error review, we may notice an error that was not preserved by timely objection only if the defendant can demonstrate (1) that an error occurred, (2) that the error was plain, and (3) that the error was material or affected the defendant's substantial rights. Id. at 731-32. Even when these three conditions are satisfied, we retain discretion whether to correct the error, which we will exercise only if the "error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. Upon review of the record, we find there was no plain error.

Second, Holden alleges that his April 5, 2001 statement given to FBI agents should have been suppressed because it was

- 2 -

obtained while he was represented by counsel who was laboring under a conflict of interest. We review the district court's factual findings underlying a motion to suppress for clear error and its legal determinations de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, this court construes the evidence in the light most favorable to the government. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998). The district court's rejection of Holden's motion was based on its assessment of witness credibility at a voir dire examination. The court's determination of credibility is not reviewable on appeal. See United States v. Lowe, 65 F.3d 1137, 1142 (4th Cir. 1995). Accordingly, we find no reversible error.

Because Holden's claims fail on appeal, we affirm his conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED